CHANDLER, Justice,
concurring in part and dissenting in part:
¶ 35. While I agree with the decision to reverse the trial court’s grant of summary judgment, I disagree with the majority’s voiding of the Tolling Agreement. This Court has faced the issue of whether a contract may be used to shorten the period of time in which a party may bring an action. See Pitts v. Watkins, 905 So.2d 558, 558 (Miss.2005) (finding the contract unconscionable based on its shortening the statute of limitations). However, we have yet to address an attempt to contractually extend a period of limitations.
¶ 36. I do not agree with the majority’s finding that the lack of a termination date in the Tolling Agreement creates an indefinite time period. The facts of this case indicate that, although there was not a specific end date to the Tolling Agreement, REB would be given a reasonable amount of time to make repairs. Based on the nature of the Agreement and the interaction between the parties, omitting a date certain is not fatal to the Agreement. It is clear that the parties were intent on resolving their dispute without litigation if possible and believed more time was needed to do so. My concern is that voiding this type of agreement may deter parties in the future from resolving these issues outside of court, and may compromise the purpose behind statutes of limitation.
¶ 37. In reference to statutes of limitation, this Court has stated that “these acts were designed to discourage lawsuits.” Harrison Enters., Inc. v. Trilogy Comm’ns, Inc., 818 So.2d 1088,1095 (Miss. 2002) (citation omitted). This Court further explained that:
The primary purpose of statutory time limitations is to compel the exercise of a right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.
Id. at 1095 (citation omitted) (emphasis added).
¶ 38. “The general statute of limitations for an action is irrelevant when the parties have agreed to a different contractual limitation period, and a limitations provision in a contract will prevail over a general statute of limitations.... ” 51 Am. Jur.2d § 79 (2011). Although the New Home Warranty Act involves a statute of repose, “[a] statute stating that certain actions may not be brought after a certain number of years does not prevent private parties from agreeing to toll the limitation period.” Id. at § 83. This Court has yet to decide whether contracting parties may extend a limitations period, but the United States District Court for the Northern District of Mississippi has addressed the issue and held that Mississippi law allows for the extension of a statute of limitations by contract. Hood v. Cent. United Life Ins. Co., 664 F.Supp.2d 672, 676 (N.D.Miss. 2009).
¶ 39. “A contractually-specified limitation of time for a suit, to a period shorter than allowed by the statute of limitations, is required to be reasonable, and the reasonableness of the contractual limitation period usually depends upon the particular facts presented, or the circumstances of the particular case.” 51 Am.Jur.2d Limi *1059 tations of Actions § 81 (2011). The shortening of a limitation period is reasonable when the party has sufficient time to seek a remedy. Id. I believe this reasoning should apply to the extension of a limitations period, and we should look at the particular facts of this case to determine whether the Tolling Agreement was reasonable.
¶ 40. Pursuant to the New Home Warranty Act, the Towneses gave REB written notice of their home’s structural defects in September 2004. REB inspected the residence and acknowledged the need for repairs. Rather than pursue litigation, the Towneses afforded REB “a reasonable opportunity to repair the defect” in accord with Mississippi Code Section 83-58-7. Because the six-year warranty was near expiration, the parties entered into the Tolling Agreement, which provided that the tolling would begin on October 25, 2004. This suspension of the statute of limitations within the Tolling Agreement was intended to allow REB a reasonable amount of time to make repairs and “engage in a review and analysis of the structural settlement issues in order to determine an agreed upon repair.” After REB failed to repair the defects, the Towneses filed suit in July 2008, thereby terminating the Tolling Agreement.
¶ 41. The nature of the agreement was to allow REB time to repair the Towneses’ residence without litigation. I would uphold the Tolling Agreement based on the parties’ intent to allow repair in a reasonable amount of time. Therefore, I respectfully dissent.
KITCHENS, J., JOINS THIS OPINION.